In re Vera YOUNG, Petitioner.

Vera YOUNG, Plaintiff,

v.

UNITED STATES POSTAL SERVICE, Defendant.

No. 713, Docket 88–3061.

United States Court of Appeals, Second Circuit.

Argued Jan. 25, 1989.

Decided Feb. 27, 1989.

Walter M. Meginniss, Jr. (Gladstein, Reif & Meginniss, New York City, of counsel), for petitioner.

Bernard W. Bell, Asst. U.S. Atty. (Rudolph W. Giuliani, U.S. Atty. S.D. of New York, Edward T. Ferguson, III, Asst. U.S. Atty., New York City, of counsel), for defendant, U.S. Postal Service.

Before OAKES, Chief Judge, and FEINBERG and PRATT, Circuit Judges.

PER CURIAM:

■ Vera Young petitions this court for a writ of mandamus directing the United States District Court for the Southern District of New York (Carter, J.) to grant her a jury trial in her wrongful discharge action against the United States Postal Service. Her petition presents an important question of first impression before this court. Petitioner claims that the clause in the Postal Reorganization Act that allows the postal service to "sue and be sued", 39 U.S.C. § 401(1), is not only a broad waiver of sovereign immunity but also subjects the postal service to trial by jury. We disagree and, for substantially the reasons stated in Judge Carter's comprehensive opinion, 698 F.Supp. 1139 (S.D.N.Y.1988), we deny the petition for a writ of mandamus.

Petitioner relies on the Supreme Court's recent decision in *Loeffler v. Frank,* — U.S. ——, 108 S.Ct. 1965, 100 L.Ed.2d 549 (1988). There the Court noted that by "launching 'the Postal Service into the commercial world,' and including a sue-and-be-sued clause in its charter," congress had waived sovereign immunity for the postal service. 108 S.Ct. at 1970. The Court's narrow holding was that this waiver subjects the postal service to prejudgment interest in a Title VII action.

■ Petitioner now argues that the waiver of sovereign immunity granted by the "sue and be sued" clause encompasses all normal incidents of suit, including the right to a jury trial. While "sue and be sued" clauses in federal statutes are indeed broad waivers of immunity and have sub-jected the federal government and its agencies to many types of liability and process, including prejudgment interest, liability for costs, and garnishment and attachment proceedings, *see Loeffler v. Frank; Reconstruction Finance Corp. v. J.G. Menihan Corp.,* 312 U.S. 81, 61 S.Ct. 485, 85 L.Ed. 595 (1941); and *Federal Housing Admin. v. Burr,* 309 U.S. 242, 60 S.Ct. 488, 84 L.Ed. 724 (1940), the waiver of sovereign immunity does not, by itself, grant a right to trial by jury in an action against the federal government.

The constitutional basis for a jury trial, the seventh amendment, simply does not apply in actions against the federal government. *See Lehman v. Nakshian,* 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981). Since congress has generally prohibited trial by jury in suits against the United States, 28 U.S.C. § 2402, the right to jury trial against an agency of the United States could exist only if congress "affirmatively and unambiguously" grants such a right by statute. *Lehman,* 453 U.S. at 168, 101 S.Ct. at 2705.

Through the "sue and be sued" clause in the Postal Reorganization Act congress effectively waived sovereign immunity for the postal service, but the waiver does not change the fact that the party being sued is still the federal government. The postal service is an "independent establishment of the executive branch of the Government of the United States". 39 U.S.C. § 201. Since the statute contains no language "affirmatively and unambiguously" granting a jury trial in suits against the postal service, the district court properly denied petitioner's application.

The petition for mandamus is denied.