**KLK, INC., Plaintiff–Appellee,**

v.

**UNITED STATES DEPARTMENT OF the INTERIOR, Defendant–Appellant.**

No. 93–35464.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 4, 1994.

Decided Sept. 13, 1994.

Jacques B. Gelin, U.S. Dept. of Justice, Washington, DC, for defendant-appellant.

Joseph W. Sheehan, Fairbanks, AK, for plaintiff-appellee.

Before: PREGERSON, CANBY, and BOOCHEVER, Circuit Judges.

BOOCHEVER, Circuit Judge:

The Department of the Interior appeals interlocutorily from the district court's order that a plaintiff in an inverse condemnation action under the Mining in the Parks Act, 16 U.S.C. §§ 1901–12 (1988), is entitled to a jury determination of just compensation. We review the question of entitlement to a jury

trial in a federal court de novo. *SEC v. Rind,* 991 F.2d 1486, 1493 (9th Cir.), *cert. denied,* — U.S. —, 114 S.Ct. 439, 126 L.Ed.2d 372 (1993). We reverse.

## BACKGROUND

KLK owned several unpatented mining claims in the Denali National Park and Preserve in Alaska. The Department of the Interior ("DOI") effected a "taking" of five of KLK's claims in January 1992, when it did not approve KLK's mining plans of operation. Without approval of the plans, no mining operations can be conducted in the National Park System.

■ Pursuant to Section 11 of the Mining in the Parks Act ("MPA"), 16 U.S.C. § 1910, KLK brought an inverse condemnation [1] action against the DOI in the United States district court seeking just compensation for the five mining claims. The only issues in dispute were the dates on which the claims were taken and their fair market values. KLK sought a jury determination of "just compensation," and despite the DOI's attempts to strike KLK's jury demand, the district court ordered the issue of just compensation submitted to a jury. The DOI moved for certification of an interlocutory appeal of this order, and the district court certified the appeal. We permitted the appeal under 28 U.S.C. § 1292(b) (1988).

## DISCUSSION

### I

The MPA contains a congressional waiver of sovereign immunity. It entitles a party "who believes he has suffered a loss" by operation of the MPA, or regulations or orders issued pursuant to the MPA, to bring an inverse condemnation action in the United States district court to recover just compen-

---

**1.** Inverse condemnation is a cause of action by which a landowner recovers just compensation from the government for a taking of his or her property when condemnation proceedings have not been instituted. *United States v. Clarke,* 445 U.S. 253, 257, 100 S.Ct. 1127, 1130, 63 L.Ed.2d 373 (1980). "Straight," or "traditional," condemnation refers to a proceeding under 40

U.S.C. § 257 (1988), when the government initiates condemnation proceedings against property prior to seizing the property. The procedure is governed by Fed.R.Civ.P. 71A. *Kirby Forest Indus., Inc. v. United States,* 467 U.S. 1, 3–4 and n. 2, 104 S.Ct. 2187, 2190–91 and n. 2, 81 L.Ed.2d 1 (1984).

sation.[2] Before the enactment of § 1910, such an inverse condemnation action for any amount over $10,000 could be brought only in the Court of Federal Claims, pursuant to the Tucker Act, 28 U.S.C. §§ 1346, 1491 (1988). Thus, in enacting § 1910, the United States not only reaffirmed that it might properly be sued, it also further waived the condition that inverse condemnation suits for more than $10,000 could be brought only in the Court of Federal Claims. All claims arising under § 1910 may be brought in the district court, even if the suit involves an amount exceeding $10,000.

 KLK contends that Congress's waiver of sovereign immunity in the MPA contained a grant of a right to a jury determination of just compensation. There is no general right to a trial by jury in actions against the federal government, however. *Lehman v. Nakshian*, 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981). And when Congress waives sovereign immunity, that waiver "does not, by itself, grant a right to trial by jury." *In re Young*, 869 F.2d 158, 159 (2d Cir.1989) (per curiam). Instead, a "plaintiff has a right to trial by jury only where that right is one of 'the terms of [the Government's] consent to be sued.'" *Lehman*, 453 U.S. at 160, 101 S.Ct. at 2701 (quoting *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953–54, 47 L.Ed.2d 114 (1976)). Congress typically has conditioned any waiver of sovereign immunity on the plaintiff's relinquishing any claim to a jury trial, and exceptions to such a condition may not be implied. *Lehman*, 453 U.S. at 161, 101 S.Ct. at 2107–08. *See also Doe v. Attor-*

*ney Gen. of the United States*, 941 F.2d 780, 789 (9th Cir.1991) ("the courts have consistently refused ... to ignore a condition on a sovereign immunity waiver when the statute and legislative history either were silent or indicated congressional intent not to grant the right requested").

Thus, the Supreme Court has held that "[s]ince there is no generally applicable jury trial right that attaches when the United States consents to suit, the accepted principles of sovereign immunity require that a jury trial right be clearly provided in the legislation creating the cause of action." *Lehman*, 453 U.S. at 162 n. 9, 101 S.Ct. at 2702 n. 9. Accordingly, KLK has a right to a jury determination of just compensation only if Congress "clearly and unequivocally departed from its usual practice" and granted a right to a jury determination of just compensation. *Id.* at 162, 101 S.Ct. at 2701–02.[3]

## II

 In determining whether Congress has made an exception to its traditional denial of jury trials in actions against the United States, we consider, as we do with any waiver of sovereign immunity, congressional intent "as manifested in the statute's language and legislative history." *Doe*, 941 F.2d at 788. Here, nowhere in the language of § 1910 or, indeed, anywhere in the MPA, is there any indication that Congress intended to provide a jury determination of just compensation. Section 1910 simply allows a plaintiff to bring an inverse condemnation action in the district court and states that just compensation

---

**2.** 16 U.S.C. § 1910 states:

The holder of any patented or unpatented mining claim subject to this chapter who believes he has suffered a loss by operation of this chapter, or by orders or regulations issued pursuant thereto, may bring an action in a United States district court to recover just compensation, which shall be awarded if the court finds that such a loss constitutes a taking of property compensable under the Constitution.

**3.** KLK's argument that *Lehman* has no relevance to this case is incorrect. *Lehman*'s holding is not limited to cases under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634 (1988), or factually identical scenarios. *Lehman* discussed the right to a jury trial in a broad, general

sense, and its analysis has been applied in a wide variety of contexts by courts determining whether a particular waiver of sovereign immunity provided a jury trial right. *See, e.g., Young*, 869 F.2d at 159 (citing *Lehman* when holding in wrongful discharge action against Postal Service that waiver of sovereign immunity in Postal Reorganization Act did not subject Postal Service to trial by jury); *Washington Int'l Ins. Co. v. United States*, 863 F.2d 877, 878–79 (Fed.Cir.1988) (citing *Lehman* when stating, in an action in the Court of International Trade against the United States, that applicable statute must affirmatively and unambiguously grant right to trial by jury), *cert. denied*, 490 U.S. 1106, 109 S.Ct. 3157, 104 L.Ed.2d 1020 (1989).

"shall be awarded" if the court finds that a compensable taking occurred. Furthermore, the legislative history suggests that Congress intended the court, not a jury, to make the determination of just compensation. *See* 1976 U.S.C.C.A.N. 2487, 2492 (stating that "the *court* is to award just compensation if it finds ... a compensable taking of property") (emphasis added).

Accordingly, faced with a silent statute and a legislative history indicating congressional intent *not* to grant the right to a jury determination of just compensation, we conclude that Congress did not in fact depart from its traditional practice of conditioning its waiver of sovereign immunity on plaintiff's relinquishing any claim to a jury. KLK is not entitled to a jury determination of just compensation.

### III

The district court, in holding that a jury determination of just compensation was appropriate, relied on Fed.R.Civ.P. 71A(h). Rule 71A(h) provides that in most actions involving the exercise of the power of eminent domain, a jury trial of the question of just compensation is permitted in the discretion of the district court at the demand of a party.[4] Fed.R.Civ.P. 71A(h). The district court's reliance on this rule in this case was misplaced.

 Rule 71A provides procedures for traditional condemnation proceedings, initiated by the government under 40 U.S.C. § 257, not for inverse condemnation actions. *See Kirby Forest Indus., Inc. v. United States,* 467 U.S. 1, 3, 4 and n. 2, 104 S.Ct. 2187, 2190, 2191 and n. 2, 81 L.Ed.2d 1 (1984); Fed.R.Civ.P. 71A(a). Although the concept of "just compensation" is the same in traditional and inverse condemnation proceedings, the actions are sufficiently different so that procedures applicable to one type of action do not necessarily apply to the other.

For example, in an inverse condemnation action, just compensation is based on the value of the land at the time it is seized, while in a traditional condemnation, the land is valued at the time the condemnation proceeding occurs. *United States v. Clarke,* 445 U.S. 253, 258, 100 S.Ct. 1127, 1130, 63 L.Ed.2d 373 (1980). More importantly, because the government has already taken possession of the land in an inverse condemnation proceeding, it is obligated to accept the price determined, whereas in a traditional condemnation proceeding the government is not committed to buying the property if the price is too high. *United States v. 156.81 Acres,* 671 F.2d 336, 339 (9th Cir.), *cert. denied,* 459 U.S. 1086, 103 S.Ct. 569, 74 L.Ed.2d 931 (1982). Thus, because the proceedings differ in ways that may have a significant effect on the obligations of the parties and the outcome of the case, it is improper to assume that Congress intended to give landowners the same rights in inverse condemnation actions as they have in traditional condemnation actions.

 Furthermore, the existence of Rule 71A does not undercut the rule that the right to a jury trial must be clearly expressed in the relevant legislation. Rule 71A does not govern inverse condemnation actions, and Congress gave no indication that it considered the Rule or any of its proscribed procedures in enacting § 1910. Thus, Rule 71A(h) does not provide any indication of congressional intent to provide a jury for the determination of just compensation under § 1910. Moreover, Congress's failure in the MPA to indicate dissatisfaction with juries should not be interpreted as authority for the district court to grant jury trials in inverse condemnation proceedings. *See Lehman,* 453 U.S. at 162 and n. 9, 101 S.Ct. at 2702 and n. 9.

Finally, we reject the argument that Congress must have considered procedures designed for straight condemnations when cre-

---

4. Rule 71A(h) states in pertinent part:
 If the action involves the exercise of the power of eminent domain under the law of the United States, any tribunal specially constituted by an Act of Congress governing the case for the trial of the issue of just compensation shall be the tribunal for the determination of that issue; but if there is no such specially constituted tribunal any party may have a trial by jury of the issue of just compensation by filing a demand therefor within the time allowed for answer or within such further time as the court may fix, unless the court in its discretion orders that, because of the character, location, or quantity of the property to be condemned, or for other reasons in the interest of justice, the issue of compensation shall be determined by a commission of three persons appointed by it.

ating an inverse condemnation cause of action under the MPA because both actions require a determination of just compensation. That argument ignores the fact that Congress does not provide a jury for inverse condemnation actions brought under statutes other than the MPA. *See* 28 U.S.C. §§ 1346, 1491 (parties are entitled to bring inverse condemnation actions against the United States for amounts greater than $10,000 in the Court of Federal Claims; a jury is not available in such actions).

The district court also referred to our decision in *Franquez v. United States,* 604 F.2d 1239 (9th Cir.1979), as a basis for its decision. *Franquez* held that the district court had the discretion to order a jury trial, even where the statute authorizing the actions to recover just compensation did not expressly permit one. We found that by the exercise of the district court's discretionary power under Fed.R.Civ.P. 83 to prescribe additional rules for the conduct of its business, the district court could extend the reach of Rule 71A(h) to the inverse condemnation actions brought by Guamanians pursuant to 48 U.S.C. § 1424c(a) (1977), to recover just compensation for land taken by the United States government in Guam during World War II. 604 F.2d at 1243–44.

*Franquez* is distinguishable from this case. In *Franquez,* the legislative history provided some indication that Congress intended that a jury make the determination of just compensation. There, Congress used the term "verdict" in referring to judgments against the United States, and "verdict" is a term typically used to refer to the decision of a jury. 604 F.2d at 1242. In this case, we have no such indication in the statute or in its legislative history that a right to a jury determination was ever intended by Congress in enacting § 1910.[5]

Finally, KLK claims that, as a matter of policy, people who have their land seized by the government should not be deprived of the advantage of a jury determination of just compensation. It argues that if owners of property condemned in the traditional manner are entitled to a jury, KLK should not be

deprived of one simply because its property was taken in a different manner, a manner which required KLK to bring an inverse condemnation action. However, most inverse condemnation actions against the United States are not based on the MPA and are brought in the Court of Federal Claims under the Tucker Act, 28 U.S.C. §§ 1346 and 1491. The Tucker Act does not provide for jury trials in these proceedings. Thus, our holding that inverse condemnation plaintiffs under the MPA are not entitled to jury determinations of just compensation leaves such plaintiffs in the same position as virtually all inverse condemnation plaintiffs.

## CONCLUSION

KLK is not entitled to a jury determination of just compensation in its action under 16 U.S.C. § 1910. A right to jury trial must be clearly provided in the legislation creating the cause of action, and no such provision was made in the MPA. Neither Rule 71A(h), *Franquez,* nor considerations of policy provide adequate grounds to decide otherwise. The order of the district court is REVERSED.

---

**5.** We note also that *Franquez* was decided prior to *Lehman* and certain statutory revisions restricting the discretion of federal courts to create new rules. Compare 28 U.S.C. § 2071 (1976) and 28 U.S.C. § 2071 (1988). If *Franquez* were heard today, its outcome might be substantially different.