**Corey WRIGHT, Plaintiff,**

v.

**C.O. NUNEZ, et al., Defendants.**

**96 Civ. 7753 (JSM).**

United States District Court,
S.D. New York.

Jan. 16, 1997.

Corey Wright, East Elmhurst, NY, pro se.

### ORDER

MARTIN, District Judge:

The Court, having received the Report and Recommendation of United States Magistrate Judge Andrew J. Peck dated December 9, 1996, and having received no objections to said Report, hereby adopts the Report and its recommendations.

Accordingly, the Court dismisses the complaint against defendants Kane and Jacobson for failure to state a claim and as frivolous. The Court also dismisses all claims against Capt. Matos except for the medical indifference claim. The complaint is dismissed without prejudice to plaintiff filing an amended complaint within 30 days if he can assert facts necessary to state a claim.

**SO ORDERED.**

*REPORT AND RECOMMENDATION*

PECK, United States Magistrate Judge:

To the Honorable John S. Martin, United States District Judge:

For the reasons set forth below, I recommend that the Court sua sponte dismiss pro se plaintiff Corey Wright's claims against Warden James Kane and N.Y.C. Correctional Department Commissioner W. Jacobson for failure to state a claim on which relief

may be granted, pursuant to the Prison Litigation Reform Act.

## FACTS

The complaint alleges that on November 24, 1995, other inmates beat and stabbed Wright while he was in his cell. He alleges that the attack "may have been averted" if defendant Corrections Officer Nunez had been at his post. The complaint further alleges that Corrections Captain Matos disregarded his wounds and had him taken to the bullpen instead of directly to the hospital. Plaintiff also alleges that Captain Matos is liable as defendant Nunez's supervisor. The complaint seeks to have the Court "[f]ind James Kane, Warden (C–95) liable for being the direct supervisor of both C.O. Nunez and Capt. Matos [and] find W. Jacobson, Commissioner liable as being the overall supervisor of C.O. Nunez, Capt. Matos and Warden Kane." (Cplt. ¶ V.)

The complaint was received by the Court's Pro Se Office on September 4, 1996. *See Toliver v. County of Sullivan,* 841 F.2d 41, 42 (2d Cir.1988) (pro se complaint deemed filed when received by the pro se office); *McCray v. Kralik,* 96 Civ. 3891, 1996 WL 378273 at *2 (S.D.N.Y. July 1, 1996) (Peck, M.J.) (same).

## ANALYSIS

The Prison Litigation Reform Act (the "PLRA" or the "Act"), which was signed into law by President Clinton on April 29, 1996, significantly altered a prisoner's right to bring civil actions in forma pauperis. The PLRA amended 28 U.S.C. § 1915 to require the Court sua sponte to dismiss the case at any time if the action or any claim "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e) (as amended); *see also* 28 U.S.C. § 1915A.

It is black letter law that a supervisor who is not directly involved in the alleged deprivation of constitutional rights cannot be found liable in a § 1983 action absent circumstances not alleged here. As this Court has previously held:

"In order to maintain a cause of action against any official, a plaintiff must show that the defendant was personally involved in the alleged deprivation of his constitutional rights, since the doctrine of respondeat superior does not apply to § 1983 actions." *Zamakshari v. Dvoskin,* 899 F.Supp. 1097, 1109 (S.D.N.Y.1995) (Peck, M.J.) (citing *Johnson v. Glick,* 481 F.2d 1028, 1034 (2d Cir.), *cert. denied,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973); *Al–Jundi v. Estate of Rockefeller,* 885 F.2d 1060, 1065 (2d Cir.1989)). "Thus, a supervisor who has not directly participated in the alleged deprivation of constitutional rights cannot be found liable for damages, with three exceptions: (1) if after learning of the constitutional deprivation through a report or appeal, the supervisor failed to remedy the wrong; (2) if the supervisor created a policy or custom under which unconstitutional practices occurred, or allowed such a policy or custom to continue; or (3) if the supervisor was grossly negligent in managing the subordinates who caused the unlawful condition or event." *Zamakshari v. Dvoskin,* 899 F.Supp. at 1109 (Peck, M.J.) (citing *Williams v. Smith,* 781 F.2d 319, 323–24 (2d Cir.1986)).

*McCray v. Kralik,* 1996 WL 378273 at *3.

Plaintiff Wright has failed to allege that defendants Warden Kane or Commissioner Jacobson in any way were personally involved in the November 24, 1995 incident, nor has he alleged facts to support any of the exceptions referred to above. Similarly, Wright has failed to allege that Capt. Matos was personally involved in C.O. Nunez's alleged absence from his post, or facts to support any of the exceptions as to Capt. Matos. Therefore, Wright has failed to state a claim upon which relief can be granted as to Warden Kane and Commissioner Jacobson, or a claim against Capt. Matos except for his personal alleged indifference to Wright's need for medical care.[1] I recommend that the Court dismiss those claims as frivolous.

---

1. The Court does not read the complaint as alleging a claim against the N.Y.C. Department of Corrections; the reference to the Department of Corrections in the complaint's caption is in reference to defendant Jacobson as Commissioner of the N.Y.C. Department of Corrections. If the Court has not properly interpreted this aspect of

Plaintiff Wright should be permitted to amend his complaint if he can assert facts to state a claim against these defendants. *See, e.g., McCray v. Kralik,* 1996 WL 378273 at *4 (citing *Soto v. Walker,* 44 F.3d 169, 173 & n. 5 (2d Cir.1995) (citing *Branum v. Clark,* 927 F.2d 698, 705 (2d Cir.1991))).

### CONCLUSION

For the reasons set forth above, I recommend that the Court sua sponte dismiss the complaint against defendants Kane and Jacobson, and dismiss the claim except the medical indifference claim against Capt. Matos, for failure to state a claim and as frivolous, without prejudice to Wright filing an amended complaint within 30 days.

Pursuant to the PLRA, defendants Nunez and Matos are directed to respond to the complaint (by answer or motion) after each is served. Plaintiff Wright is to serve this Report and Recommendation on defendants Nunez and Matos along with the summons and complaint (or on their counsel if defendants have already been served).

### *FILING OF OBJECTIONS TO THIS RE-PORT AND RECOMMENDATION*

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from receipt of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable John S. Martin, 500 Pearl Street, Room 1620, and to the chambers of the undersigned, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Martin. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir.1993), *cert. denied,* —— U.S. ——, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994); *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.), *cert. denied,* 506

U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Small v. Secretary of Health & Human Services,* 892 F.2d 15, 16 (2d Cir.1989); *Wesolek v. Canadair Ltd.,* 838 F.2d 55, 57–59 (2d Cir.1988); *McCarthy v. Manson,* 714 F.2d 234, 237–38 (2d Cir.1983); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e).

DATED: New York, New York
December 9, 1996.

plaintiff's complaint, he can correct it in his amended complaint.