**Glenn HELMLY, Plaintiff,**

v.

**STONE CONTAINER CORPORATION; Howard Hallman; Butch Branch; Charlie Hendricks, Defendants.**

**Civil Action No. CV496–10.**

United States District Court, S.D. Georgia, Savannah Division.

March 24, 1997.

Catherine M. Bowman & Scot V. Pool, Forbes & Bowman, Savannah, GA, for plaintiff.

R. Clay Ratterree & Sarah B. Akins of Ellis, Painter Ratterree & Bart, Savannah, GA and Phillip N. Storm and Carol B. Manzoni of Ross & Hardies, Chicago, IL, for Defendants Stone Containter Corp., Hallman and Branch.

Abda Lee Quillian, Savannah, GA, for Defendant Hendricks.

*ORDER*

MOORE, District Judge.

Having read and considered Defendants' Motion to Strike Plaintiff's Jury Demand as to Family and Medical Leave Act Claim (Doc. 177), the Court **DENIES** the motion as untimely filed. In this case, the deadline for filing non-summary judgment motions was August 5, 1996, and the pretrial conference was held on January 22, 1997. No mention of this concern was made at the pretrial conference and Defendants did not file their motion until February 28, 1997, some seven months after the deadline had passed.

### Right to a Jury Trial in Family and Medical Leave Act Claims

Even if the motion had been timely filed it would have been denied. While the text of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"), is conspicuously silent as to the right of trial by jury, this Court has already indicated that the FMLA is a closer companion to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), than to the Title VII legislation referenced by Defendants. *See* Court's Order of November 4, 1996, p. 13 (quoting *Freemon v. Foley,* 911 F.Supp. 326, 330 (N.D.Ill.1995)). Though the relief available under the civil enforcement provisions of the FLSA, 29 U.S.C. § 216(c), is nearly identical to that available under the FMLA, 29 U.S.C. § 2617(a), the text of the FLSA contains no explicit right to a jury trial. Despite this seemingly glaring omission, our predecessor circuit held that the damages provisions of the statute were actions at law and therefore "on proper demand, are triable before a jury." *Wirtz v. Jones,* 340 F.2d 901, 904 (5th Cir.1965)[1] (citing *Lewis v. Times Publishing Co.,* 185 F.2d 457 (5th Cir.1950); *Olearchick v. American Steel Foundries,* 73 F.Supp. 273 (W.D.Pa.1947)). This legal conclusion was clearly ratified by the Supreme Court in *Lorillard v. Pons,* 434 U.S. 575, 576, 98 S.Ct. 866, 867–68, 55 L.Ed.2d 40 (1978), when it pronounced that there exists a Seventh Amendment jury trial right under the civil enforcement damages provisions of the FLSA despite the absence of any language creating that right.

Additionally, where, as here, a statute is silent as to a given issue, if the district court "ascertains that Congress had an intention on the precise question at issue, that intention is the law and must be given effect." *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 843 n. 9, 104 S.Ct. 2778, 2781 n. 9, 81 L.Ed.2d 694 (1984). One commentator has examined the evident adoption of the procedural provisions of the FLSA within the FMLA and concluded that Congress intended to incorporate *sub silentio* the right to a jury trial for damages under the FMLA: "By incorporating the procedural provisions of the FLSA, Congress presumably signaled its intent to afford a right to jury trial in private civil actions under the FMLA." FRANK MORRIS, FAMILY AND MEDICAL LEAVE ACT OF 1993, p. 17 (1994).

In reviewing the legislative history of the FMLA, it is all too certain that Congress did intend to align the procedures of the FMLA with those of the FLSA. *See* Senate Committee on Labor and Human Resources Majority Report on 1993 S. 5, Sections I and IV, S. REP. 103–3 (1993); House Committee on Education and Labor Report on 1993 H.R. 1, H.R. REP. 103–8(I), U.S.Code Cong. & Admin.News 1993, 3. Through this analysis, it appears that the remarks of Professor Morris are prescient and that the jury trial right pronounced in *Lorillard* is to be found in the FLSA's sister statute, the FMLA.

Furthermore, it is evident from the comments of disdain from the opposition that Congress intended to provide a jury trial right under the statute. Rising in opposition to what was then House Resolution 1, Rep. Harris W. Fawell (R–IL), gave this summary of what the future FMLA would mean for employers such as Defendants: "Employers

---

**1.** The Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to October 1, 1981. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981). In fact, the *Wirtz v. Jones* case has been expressly recognized as current binding authority in the Eleventh Circuit. *See EEOC v. Chrysler Corp.,* 759 F.2d 1523, 1525 (11th Cir. 1985).

will be subject to a Federal jury trial and possible damages, liquidated damages, expert witness fees, mandated legal fees, injunctions to rehire, promote, and so forth." 139 CONG. REC. H391 (daily ed. February 3, 1993). Additionally, the House Committee on Education and Labor's Minority Report gave this summary of the changes made in the FMLA since the time it was twice vetoed by President Bush during his administration:

> H.R. 1 has been considerably improved over past versions of the legislation considered by this Committee. Damages have been reduced from potentially quadruple lost backpay and benefits to double cost backpay and benefits, with interest, plus attorneys' fees and expert witness fees. Further, the enforcement structure of the bill has been simplified; however, it still retains the same two enforcement pillars of H.R. 2, as reported in the previous Congress—that is, DOL enforcement and private law suits, with jury trials.

H.R.REP. No. 103-8 (1993).

Legislative history subsequent to President Clinton's enactment of the bill also indicates that Congress had no intention other than to silently include the jury trial right. In support of his bill designed to extend the protections of the recently passed FMLA to employees of Congress, Rep. William F. Goodling (R–PA), stated that the purpose of the bill was simply to give "a private cause of action by House employees in Federal district court against Members, including the same procedures (including jury trials) and the same damages, attorney fees, and court costs as would be available against private sector employees." 139 CONG. REC. E–1597 (daily ed. June 23, 1993).

Given the parallel procedural structure between the FMLA and the FLSA and given the legislative history which clearly presumes a right to a jury trial, this Court can only conclude that the United States Magistrate Judge in *Hicks v. Maytag Corp.*, 1995 WL 908171 (E.D.Tenn.1995), was incorrect when he declared that there is no right to a jury trial in an FMLA case. A plaintiff in an FMLA case possesses the right to have a jury determine whether an employer is liable and to what extent, in damages, that employ-

er is liable to the employee. In the instant case, Plaintiff properly asserted the right to a jury trial and he will have a jury hear all of his claims, including the FMLA claim. Any portion of Plaintiff's claim sounding in equity (i.e., for reinstatement, promotion, or the like) will, of course, be decided by the undersigned judge and will not be considered by the jury.