**Dacius THOMAS, Plaintiff,**

v.

**WESTCHESTER COUNTY DEPARTMENT OF CORRECTIONS and Correctional Officer Slensby # 940, Defendants.**

No. 97 Civ. 0850(JSR)(AJP).

United States District Court,
S.D. New York.

April 2, 1997.

Dacius Thomas, Valhalla, NY; pro se.

### ORDER

RAKOFF, District Judge.

On March 13, 1997, the Honorable Andrew J. Peck, United States Magistrate Judge, issued a Report and Recommendation in the above-captioned matter, recommending that, pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(e) (as amended), the Court *sua sponte* dismiss plaintiff's claim against defendant Westchester County Department of Corrections for failure to state a claim upon which relief may by granted. Plaintiff has not filed objections to Magistrate Judge Peck's report, and, for that reason alone, has waived further review of the decisions therein. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir.), *cert. denied*, 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992). Nonetheless, the Court has undertaken a *de novo* review of the Complaint, and has concluded that the Magistrate Judge's conclusion of law is correct.

Accordingly, the Court hereby incorporates the Report by reference and, for the reasons articulated therein, dismisses plaintiff's claim against defendant Westchester County Department of Corrections, without prejudice to plaintiff's filing an amended Complaint within 30 days hereof.

SO ORDERED.

### REPORT AND RECOMMENDATION

PECK, United States Magistrate Judge.

**To the Honorable Jed S. Rakoff, United States District Judge:**

For the reasons set forth below, I recommend that the Court sua sponte dismiss pro se plaintiff Dacius Thomas' claim against Westchester County Department of Corrections for failure to state a claim on which relief may be granted, pursuant to the Prison Litigation Reform Act.

### FACTS

The pro se complaint alleges that Corrections Officer Slensby punched, kicked and beat Mr. Thomas on October 26, 1996, causing serious injury, mental anguish and emotional distress. The complaint seeks $2 million in damages against defendants jointly and severally, and an additional $1 million in punitive damages. The complaint contains no allegations as to Westchester County Department of Corrections; the only reference to it is in the caption (and indirectly by the reference to "defendants" in the relief sections).

The complaint is dated December 19, 1996 and was received by the Court's Pro Se Office on January 6, 1997. *See Toliver v. County of Sullivan*, 841 F.2d 41, 42 (2d Cir.1988) (pro se complaint deemed filed when received by the pro se office); *Wright v. Nunez*, 950 F.Supp. 610, 611 (S.D.N.Y. 1997) (Peck, M.J.) (same); *McCray v. Kralik*, 96 Civ. 3891, 1996 WL 378273 at *2 (S.D.N.Y. July 1, 1996) (Peck, M.J.) (same).

### ANALYSIS

The Prison Litigation Reform Act (the "PLRA" or the "Act"), which was signed into law by President Clinton on April 26, 1996, significantly altered a prisoner's right to bring civil actions in forma pauperis. The PLRA amended 28 U.S.C. § 1915 to require the Court sua sponte to dismiss the case at any time if the action or any claim "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e) (as amended); *see also* 28 U.S.C. § 1915A.

Thomas' complaint is totally silent as to defendant Westchester County Department of Corrections. The complaint therefore fails to state a claim as to that defendant. Plaintiff Thomas should be permitted to amend his complaint if he can assert facts to state a claim against the Westchester County Department of Corrections. *See, e.g., Wright v. Nunez,* 950 F.Supp. at 612; *McCray v. Kralik,* 1996 WL 378273 at *4 (citing *Soto v. Walker,* 44 F.3d 169, 173 & n. 5 (2d Cir.1995) (citing *Branum v. Clark,* 927 F.2d 698, 705 (2d Cir.1991))).

## CONCLUSION

For the reasons set forth above, I recommend that the Court sua sponte dismiss the complaint against defendant Westchester County Department of Corrections for failure to state a claim and as frivolous, without prejudice to Thomas filing an amended complaint within 30 days.

Pursuant to the PLRA, defendant Correction Officer Slensby is directed to respond to the complaint (by answer or motion) after he is served. Plaintiff Thomas is to serve this Report and Recommendation on defendant Slensby along with the summons and complaint (or on their counsel if defendants have already been served). Plaintiff Thomas is reminded that, pursuant to Federal Rule of Civil Procedure 4(m), he must arrange with the Marshals to have the summons and complaint served within 120 days of its initial filing with the Court.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from receipt of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Jed S. Rakoff, 500 Pearl Street, Room 750, and to the chambers of the undersigned, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Rakoff. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *IUE AFL-CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir.1993), *cert. denied,* 513 U.S. 822, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994); *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.), *cert. denied,* 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Small v. Secretary of Health & Human Services,* 892 F.2d 15, 16 (2d Cir.1989); *Wesolek v. Canadair Ltd.,* 838 F.2d 55, 57–59 (2d Cir.1988); *McCarthy v. Manson,* 714 F.2d 234, 237–38 (2d Cir.1983); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

DATED: March 13, 1997.