Richard T. FLETCHER, Plaintiff,

v.

Marvin T. RUNYON, Jr., Postmaster General, John Condiles, and Leon Yeserki, Defendants.

No. 97 Civ. 0854 (JSR)(AJP).

United States District Court, S.D. New York.

Oct. 14, 1997.

Richard T. Fletcher, Jamaica, NY, pro se.

Amy Benjamin, Asst. U.S. Atty., New York, NY, for Defendants.

## ORDER

RAKOFF, District Judge.

On September 23, 1997, the Honorable Andrew J. Peck, United States Magistrate Judge, filed a Report and Recommendation recommending that this action be dismissed with prejudice. Petitioner's objections to the Magistrate Judge's Report were filed on October 6, 1997. The Court has undertaken a *de novo* review of this matter, and concurs with the findings and conclusions set forth in Judge Peck's opinion. Accordingly, the Court hereby incorporates by reference the Report of September 23, 1997, and, for the reasons articulated therein, dismisses the complaint with prejudice. Clerk to enter judgment.

SO ORDERED.

## REPORT AND RECOMMENDATION

PECK, United State Magistrate Judge.

Presently before the Court is defendants' motion to dismiss pro se plaintiff Richard Fletcher's Title VII employment discrimination suit on the ground that (1) Fletcher did not bring suit within 90 days of his receipt of the Post Office's final agency decision and right to sue letter, and (2) that no Title VII action lies against individual supervisors. For the reasons set forth below, the Court agrees with defendants and recommends dismissal of this action with prejudice on both grounds.

## FACTS

Fletcher was employed by the United States Postal Service ("USPS" or the "Post Office") as a custodian. He claims that he was discriminated against when his request for vacation leave was denied and a white custodian's leave was granted, and when he received warning letters. (Cplt. ¶ 8 & attachment.)

Fletcher filed a formal complaint of racial discrimination with the USPS's EEO office in October 1995. (Anderson Aff. ¶ 4 & Ex. A.) On August 8, 1996, the USPS EEO office issued a final agency decision dismissing Fletcher's claim. (Anderson Aff. ¶ 6 & Ex. B.) The USPS letter informed Fletcher of his right either to appeal to the EEOC within 30 days or to file a civil action in federal court within 90 days. (Anderson Aff. Ex. B.)

It is undisputed that Fletcher received the USPS's letter on August 12, 1996. (Anderson Aff. ¶ 7 & Ex. C.) Fletcher's complaint was received by the Court's Pro Se Office on November 18, 1996.

## ANALYSIS

### I. FLETCHER'S COMPLAINT IS UNTIMELY

■ An employment discrimination suit against the federal government under Title VII must be filed "[w]ithin 90 days of receipt of notice of final action taken" by the agency, here, the Post Office. 42 U.S.C. § 2000e–16(c). The Second Circuit has noted that Title VII's time limits are "analogous to a statute of limitations." *Briones v. Runyon,* 101 F.3d 287, 290 (2d Cir.1996); *accord, e.g., Pauling v. Secretary of Dept. of Interior,* 960 F.Supp. 793, 799 (S.D.N.Y.1997). Indeed, Title VII's time limits, as set out in 42 U.S.C. § 2000e–16(c), are "a condition to the waiver of sovereign immunity and thus must be strictly construed." *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 94, 111 S.Ct. 453, 456, 112 L.Ed.2d 435 (1990).[1] Thus, failure to bring suit within the prescribed time is grounds for dismissal. *See, e.g., Irwin v. Department of Veterans Affairs,* 498 U.S. at 96, 111 S.Ct. at 458 (affirming dismissal of Title VII suit against government filed after the statutory deadline); *Pauling v. Secretary of Dept. of Interior,* 960 F.Supp. at 803 (dismissing Title VII action against government for failure to file complaint within 90 days after final agency determination).[2]

■ Fletcher received notice of the final agency decision on August 12, 1996. Therefore, he had until November 12, 1996 to bring this action.[3] The law is clear in this Circuit that a complaint is deemed filed for statute of limitations and similar purposes when received by the Court's Pro Se Office. *See, e.g., Toliver v. County of Sullivan,* 841 F.2d 41, 42 (2d Cir.1988); *Stratton v. Chase Man-*

---

1. Congress waived the federal government's sovereign immunity against allegations of discrimination in a government workplace when it amended Title VII in 1972. *See, e.g., Loeffler v. Frank,* 486 U.S. 549, 558, 108 S.Ct. 1965, 1971, 100 L.Ed.2d 549 (1988); *Fitzpatrick v. Bitzer,* 427 U.S. 445, 449 n. 2, 96 S.Ct. 2666, 2668 n. 2, 49 L.Ed.2d 614 (1976); *Brown v. General Services Admin.,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976); *Young v. United States Postal Service,* 869 F.2d 158, 159 (2d Cir.1989); *Dillard v. Runyon,* 928 F.Supp. 1316, 1322 (S.D.N.Y.1996), *aff'd mem.,* 108 F.3d 1369 (2d Cir.1997). Congress, however, did not waive the federal government's sovereign immunity unconditionally. *See, e.g., Young v. United States Postal Service,* 869 F.2d at 159; *Dillard v. Runyon,* 928 F.Supp. at 1322–23.

2. The case law allows for the "equitable tolling" of the statutory deadlines, although such relief is granted "only sparingly." *Irwin v. Department of Veterans Affairs,* 498 U.S. at 95–96, 111 S.Ct. at 457; *Briones v. Runyon,* 101 F.3d at 290; *Paul-*

*ing v. Secretary of Dept. of Interior,* 960 F.Supp. at 799; *Dillard v. Runyon,* 928 F.Supp. at 1323–24. As the Supreme Court has stated, however, "the principles of equitable tolling … do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs,* 498 U.S. at 96, 111 S.Ct. at 458; *see also, e.g., South v. Saab Cars, Inc.,* 28 F.3d 9, 11–12 (2d Cir.1994).

Fletcher has not raised any claim for equitable tolling. Indeed, Fletcher offers no response to the Post Office's motion, except to state that he has a good case on the merits. (Fletcher Opp. ¶ 2.) Fletcher also claims that his suit must have been timely filed because the Clerk's Office accepted the papers for filing. (*Id.* ¶ 3.) It is the Court—on motion or *sua sponte*—and not the Clerk's Office that determines whether a complaint is timely.

3. The 90th day was November 10, 1996, a Sunday; November 11 was a federal holiday, Veterans Day.

*hattan Bank,* 97 Civ. 2233, 1997 WL 471715 at *1 (S.D.N.Y. Aug.18, 1997) (Peck, M.J.); *Thomas v. Westchester County Dept. of Corrections,* 959 F.Supp. 203, 204 (S.D.N.Y.1997) (Rakoff, J. & Peck, M.J.); *McCray v. Kralik,* 96 Civ. 3891, 1996 WL 378273 at *2 (S.D.N.Y. July 1, 1996) (Peck, M.J.). Fletcher's complaint was received by the Pro Se Office on November 18, 1996, 98 days after he received notice of the Post Office's final decision. Fletcher's action, therefore, is untimely and should be dismissed as against all defendants.

## II. FLETCHER'S CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS ALSO SHOULD BE DISMISSED UNDER TOMPKA v. SEILER

 There is a second, and independent, reason why Fletcher's claims against the individual defendants (Mr. Condiles and Mr. Yeserki) should be dismissed. It is black letter law in this Circuit that individual supervisors are not "employers" within the meaning of Title VII. *E.g., Tomka v. Seiler Corp.,* 66 F.3d 1295, 1313 (2d Cir.1995) ("Individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII."); *Hernandez v. New York City Law Dept. Corp. Counsel,* 94 Civ. 9042, 1997 WL 27047 at *7 (S.D.N.Y. Jan. 23, 1997) (Peck, M.J.); *Burger v. Litton,* 91 Civ. 0918, 1996 WL 421449 at *16 (S.D.N.Y. Apr. 25, 1996) (Peck, M.J.), *report & rec. adopted by* 1996 WL 609421 (S.D.N.Y. Oct. 22, 1996) (citing cases). Thus, Fletcher's claims against the individual defendants should be dismissed for this reason as well.

### CONCLUSION

For the reasons set forth above, I recommend that defendants' motion to dismiss be granted.

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from receipt of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Judge Jed S. Rakoff, 500 Pearl Street, Room 750, and to the chambers of the undersigned, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Rakoff. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir.1993), *cert. denied,* 513 U.S. 822, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994); *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.), *cert. denied,* 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Small v. Secretary of Health & Human Servs.,* 892 F.2d 15, 16 (2d Cir.1989); *Wesolek v. Canadair Ltd.,* 838 F.2d 55, 57–59 (2d Cir.1988); *McCarthy v. Manson,* 714 F.2d 234, 237–38 (2d Cir.1983); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e).

Sept. 23, 1997.