**Attila CZIKO, Plaintiff–Appellant,**

v.

**UNITED STATES POSTAL SERVICE, Defendant–Appellee.**

No. 03–6048.

United States Court of Appeals, Second Circuit.

Oct. 30, 2003.

Attila Cziko, for Appellant, pro se.

Deborah B. Zwany, Assistant United States Attorney, Eastern District of New York (Roslynn R. Mauskopf, United States Attorney; Catherine M. Mirabile, Assistant United States Attorney, on the brief), Brooklyn, New York, for Appellee.

PRESENT: Honorable WILFRED FEINBERG, Honorable AMALYA L. KEARSE, and Honorable REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Attila Cziko, who filed a *pro se* complaint against Defendant–Appellee United States Postal Service for damages sustained as a result of lost mail, now appeals the district court's dismissal of his claim on grounds of sovereign immunity. On *de novo* review of the district court's action, *see Lunney v. United States*, 319 F.3d 550, 554 (2d Cir.2003), we conclude that dismissal was mandated by established law.

Sovereign immunity precludes suits against the United States and its agencies, including the Postal Service, unless Congress specifically abrogates that immunity by statute. *See Presidential Gardens Assocs. v. United States*, 175 F.3d 132, 139 (2d Cir.1999); *In re Young*, 869 F.2d 158, 159 (2d Cir.1989) (per curiam). Although Cziko's complaint fails to cite any statutory basis for his action against the Postal Service, the district court correctly recognized the Federal Tort Claims Act ("FTCA") as the exclusive means for recovering damages against a federal agency "for injury or loss of property ... resulting from the negligent or wrongful act or omission" of agency employees acting in their official capacities. 28 U.S.C. § 2679(b)(1); *see Rivera v. United States*, 928 F.2d 592, 608 (2d Cir.1991). While the FTCA waives the United States' sovereign immunity in a variety of circumstances, *see* 28 U.S.C.

§ 1346(b), it explicitly retains immunity for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." *Id.* § 2680(b). Cziko's claim falls squarely within this express reservation of United States' sovereign immunity.

To the extent Cziko argues that his claim sounds in contract rather than tort, we note that nothing in the record indicates that he had contracted with the Postal Service for insurance coverage on his parcel.

Accordingly, we hereby AFFIRM the district court's judgment of dismissal.