Jeffrey A. STEINHARDT, Benjamin Casado, Kenneth J. Boyce, Carmen Jackson, Bobbie Halliburton, and Christian Valyo on behalf of themselves and all others similarly situated, Plaintiffs,

v.

John E. POTTER, Postmaster General of the United States, Defendant.

No. 00 Civ. 8538(PKC).

United States District Court, S.D. New York.

May 27, 2004.

Larry Cary, Vladeck, Waldman, Elias & Engelhard, P.C., New York, NY, Louie Nikolaidis, Lewis, Greenwald, Clifton & Nikolaidis, P.C., New York, NY, Maureen M. Stampp, Vladeck, Waldman, Elias & Engelhard, P.C., New York, NY, for Jeffrey A. Steinhardt, Benjamin Casado, Kenneth J. Boyce, Carmen Jackson, Bobbie Halliburton.

Emily S. Reisbaum, James B. Comey, New York, NY, Nicole L. Gueron, U.S. Atty., S.D. of New York, New York, NY, for John E. Potter.

Larry Cary, Maureen M. Stampp, Vladeck, Waldman, Elias & Engelhard, P.C., New York, NY, for Christian Valyo.

## MEMORANDUM AND ORDER

CASTEL, District Judge.

■ The defendant John E. Potter, Postmaster General of the United States, moves to strike plaintiffs' jury demand in an action brought against him in his official capacity under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, ("FMLA"). For the reasons explained below, I conclude that, for the purposes of assessing sovereign immunity, the suit against defendant is a suit against the United States, and that the government has not waived that aspect of sovereign immunity that would permit a FMLA claim against it to be tried before a jury. Accordingly, the plaintiffs' jury demand is stricken.

■ Plaintiffs' Amended Complaint seeks both injunctive relief and money damages. (Amended Complaint ¶¶ 43–50; subparagraphs E, F) It includes a demand for a jury trial. Defendant moves to strike the jury demand pursuant to Rule 39(a)(2), Fed.R.Civ.P. As a preliminary matter, the U.S. Postal Service is considered an arm of the executive branch of the U.S. government, and therefore entitled to the protection of sovereign immunity. *See Young v. United States Postal Service,* 869 F.2d 158, 159 (2d Cir.1989) (*per curiam*). A suit against the Postmaster General in his official capacity, as here, is treated as a suit against the government employer. *Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985);

*see also Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir.1998) (suit against postmaster general equates to suit against Postal Service for immunity purposes). The right to a jury trial against the federal government exists only if Congress provides an affirmative and unambiguous waiver of immunity, and an equally clear statement that claims against the government should be evaluated by a jury. *See, e.g., Lehman v. Nakshian*, 453 U.S. 156, 160–61, 101 S.Ct. 2698, 2701–02, 69 L.Ed.2d 548 (1981); *KLK Inc. v. U.S. Dep't of Interior*, 35 F.3d 454, 456–57 (9th Cir.1994) (no right to jury trial in Takings Clause disputes involving just compensation). Courts abide by Congress's general policy concern that " 'juries might tend to be overly generous because of the virtually unlimited ability of the Government to pay the verdict.' " *Lehman*, 453 U.S. at 161 n. 8, 101 S.Ct. at 2702 n. 8, *quoting* H.R.Rep. No.659, 83d Cong., 1st Sess., 3 (1953), 1954 U.S.Code Cong. & Admin.News pp. 2716, 2718.

■ In *Davis v. Henderson*, 2000 WL 1828476, 238 F.3d 420 (6th Cir. Dec.4, 2000) (table) (unpublished),[1] the Sixth Circuit held in relevant part that the FMLA does not provide for the right to a jury trial in actions against the federal government. In *Davis*, as here, plaintiff was a postal service employee who brought an FMLA action against the Postmaster General. *See id.* at *1, 238 F.3d 420. The *Davis* complaint demanded a jury trial, and the district court granted the government's motion to strike the demand. *See id.* The Sixth Circuit observed that " '[i]t has long been settled that the Seventh Amendment right to trial by jury does not apply in actions against the Federal Gov-

ernment.' " *Id.* at *2, 238 F.3d 420, *quoting Lehman*, 453 U.S. at 160, 101 S.Ct. 2698. Absent an unambiguous waiver by Congress, the Postal Service is immune from suit. *See id.* Even when Congress waives sovereign immunity, as it did for the FMLA, "it does not simultaneously concede to a jury trial." *Id.* The Sixth Circuit stated:

> Nowhere in the FMLA does Congress unambiguously grant the right to a jury trial against any defendant, let alone an agency of the United States. Regardless of whether there is a right to a jury trial under the FMLA against a private defendant, appellant has no right to a jury trial against the Postal Service. Thus, we affirm the district court's ruling granting defendant's motion to strike plaintiff's request for a jury trial.

*Id. Davis* is consistent with the holding of the Second Circuit in *Young*, 869 F.2d at 159, which followed the established principle that "the right to a jury trial against an agency of the United States could exist only if congress 'affirmatively and unambiguously' grants such a right by statute." In *Young*, the plaintiff petitioned the Second Circuit for a writ of mandamus directing the district court to grant her a jury trial in her wrongful discharge action against the U.S. Postal Service. *See id.* at 159. As part of the Postal Reorganization Act, Congress included a clause that permitted the Postal Service to "sue and be sued," 39 U.S.C. § 401(1). *See id.* The Second Circuit stated that while the "sue and be sued" clause waived the Postal Service's sovereign immunity, the Postal Service nevertheless remained an establishment of the Executive Branch. *See id.*

---

1. The Sixth Circuit permits citation of its unpublished opinions if a party believes that the opinion has "precedential value in relation to a material issue in a case, and there is no published opinion that would serve as well

... " 6 Cir. R. 28(g). I have found no other federal appellate decisions addressing the right to trial by jury in a FMLA case against the government and, therefore, the criteria for citation is met.

"Since the statute contains no language 'affirmatively and unambiguously' granting a jury trial in suits against the postal service, the district court properly denied petitioner's application." *Id.*

*Davis* was cited in an unpublished order by Judge Kaplan in a suit under the FMLA against the Postal Service, *Mosley v. United States Postal Service,* Order, 00 Civ. 2200(LAK) (Jan. 11, 2002) (Docket Entry # 25). There, the joint pretrial order reflected a disagreement between the parties as to whether plaintiff was entitled to a jury trial, and Judge Kaplan directed plaintiff to show cause why her jury demand should not be stricken. Plaintiff failed to respond. In a two-paragraph order that struck the jury demand, Judge Kaplan wrote:

> It is quite clear that the Seventh Amendment does not apply in actions against the federal government, that Congress generally has prohibited jury trials in actions against the United States, and that a right to a jury trial exists in an action against an agency of the United States (including the Postal Service) exists [sic] only if congress 'affirmatively and unambiguously' grants such a right by statute. The FMLA contains no such grant. Accordingly, plaintiff is not entitled to a jury in this case. (*citing Davis, Lehman*) (internal quotation marks and citations omitted)

Plaintiffs in this action argue that the language and legislative history of the FMLA reflect an intention that actions against the federal government be tried to a jury. Plaintiffs cite to four judicial opinions concluding that the FMLA includes the right to a jury trial, but each of the four arises in the context of a suit against a private defendant, and none implicates jury rights in actions against the federal government. *See Frizzell v. Southwest Motor Freight,* 154 F.3d 641, 643–44 (6th Cir.1998) (the structure of the FMLA distinguishes monetary and equitable relief, and intends that juries determine money damages and judges determine equitable relief); *Bryant v. Delbar Products, Inc.,* 18 F.Supp.2d 799, 809–10 (M.D.Tenn.1998) (analogizing FMLA to the Fair Labor Standards Act ("FLSA") and determining that a court determines equitable relief in an FMLA claim, while a jury determines damages); *Helmly v. Stone Container Corp.,* 957 F.Supp. 1274, 1276 (S.D.Ga. 1997) (FMLA remedial measures deemed similar to those of the FLSA; examining Congressional intent and concluding that "Congress had no intention other than to silently include the jury trial right . . ."); *Souders v. Fleming Companies,* 960 F.Supp. 218, 219 (D.Neb.1997) (deeming liability and back pay a matter for a jury and equitable relief a matter for the court). At least one other ruling involving solely private parties, *McNeela v. United Air Lines, Inc.,* 1999 WL 987096 at *5 (N.D.Ill. Oct.28, 1999), also held that the FMLA is intended to mimic the FLSA, and that Congress therefore intended a jury trial right. None of these opinions is instructive as to the scope of waiver of sovereign immunity by the federal government or to its consent to trial by jury.

Plaintiffs also argue that the decision in *Nevada Department of Human Resources v. Hibbs,* 538 U.S. 721, 123 S.Ct. 1972, 155 L.Ed.2d 953 (2003), undercuts the Postal Service's assertion of immunity from jury trial. *Hibbs* upheld the constitutionality of applying the FMLA against the states as a valid congressional exercise of power pursuant to section 5 of the Fourteenth Amendment. *See* 538 U.S. at 735, 123 S.Ct. at 1981. From the starting point of *Hibbs,* plaintiffs assert that Title VII, 42 U.S.C. § 2000e *et seq.,* was also enacted pursuant to the Fourteenth Amendment's enforcement clause, and the right to a jury trial against the government for a Title

VII claims should be applied to the FMLA. I find the linkage of *Hibbs* and jury rights in Title VII actions to be severely flawed. Merely because *Hibbs* and Title VII both were enacted pursuant to Congress's powers under section 5 of the 14th Amendment, that does not mean that a waiver of sovereign immunity from jury trial determinations is imported from Title VII to the FMLA.

Title VII makes available jury actions against the United States under its own specific terms, pursuant to amendments made in the Civil Rights Act of 1991, 42 U.S.C. §§ 1981a(a)(1), 1981a(c). Section 1981a(c) provides for jury trials in damages actions under 1981a(a)(1). Section 1981a(a)(1) states that compensatory and punitive damages may be pursued under 42 U.S.C. § 2000e–16, a provision that governs suits against the United States. Hence, the amendments to Title VII, unlike the text of the FMLA, explicitly abrogates the government's sovereign immunity regarding jury trials in actions brought by federal employees. Title VII's recognition of jury trial rights in actions against the United States contrasts with the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, a statute similar in purpose to Title VII, but one that courts continue to maintain does not provide for jury rights in actions against the United States. *See Cyr v. Perry,* 301 F.Supp.2d 527, 536–37 (E.D.Va.2004).

Additionally, numerous comparisons have been made between the remedial goals of the FMLA and the FLSA. *See, e.g., Bryant,* 18 F.Supp.2d at 809–10; *Helmly,* 957 F.Supp. at 1276. It is therefore instructive that the FLSA does not provide for a right to jury in actions against the government. In determining that the ADEA did not establish a right to a jury in cases against the government despite such a right in cases against private employers, *Lehman,* 453 U.S. at 164 n. 11, 101 S.Ct. at 2703 n. 11, observed in dictum the absence of jury rights in FLSA actions against the government. "[F]or the same reason that the Seventh Amendment does not apply in suits against the Federal Government, there would be no comparable right to trial by jury in FLSA suits against the Federal Government under 29 U.S.C. § 216(b). Accordingly, even if Congress intended to incorporate the FLSA enforcement scheme into § 15 of the ADEA, there would be no basis for inferring a right to a jury trial in ADEA cases where the employer is the Federal Government." *Id.* In *Lehman,* Justice Stewart distinguished a previous opinion, *Lorillard v. Pons,* 434 U.S. 575, 580–81, 98 S.Ct. 866, 870, 55 L.Ed.2d 40 (1978), which noted in dictum that jury trial rights are allowed under the ADEA and FLSA. Justice Stewart noted *Lorillard'* s focus on Seventh Amendment precedent, and observed that *Lorillard* did not address the federal government's sovereign immunity prerogative. *See* 453 U.S. at 164 n. 11, 101 S.Ct. at 2703 n. 11. However, I caution that even if the FLSA provided for jury rights in actions against the United States, that would not necessarily apply to the FMLA.

Plaintiffs have pointed the Court to no language in the FMLA or in any judicial precedent that supports a finding of a right to a jury trial in FMLA actions against the government. Nowhere do they adequately address the central issue of the abrogation of sovereign immunity, or overcome the distinction between the right to a jury against government defendants as opposed to private entities.

■ At a conference held on May 21, 2004, plaintiffs made an oral application for certification of my anticipated ruling for interlocutory review, pursuant 28 U.S.C. § 1292(b). Section 1292(b) allows for an appeal if "such order involves a controlling

question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation ..." The same subsection provides that "application for an appeal hereunder shall not say proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." This action was filed in 2000, and, since January 30, 2004, has been scheduled for trial on June 28, 2004. At this advanced stage, applying section 1292(b) would not materially advance the termination of this litigation. Further, while I acknowledge the absence of precedent from this Circuit squarely on point, I cannot say in good conscience that there is "substantial ground for difference of opinion...." Plaintiffs' application is therefore denied.

Defendant's motion to strike plaintiff's jury demand is GRANTED. Plaintiff's oral motion for certification pursuant to 28 U.S.C. § 1292(b) is DENIED.

SO ORDERED.