**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DENNIS T. JENKINS,
Plaintiff-Appellant,

v.

BELL SOUTH ADVERTISING AND
PUBLISHING CORPORATION,
Defendant-Appellee.

No. 94-2106

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, District Judge.
(CA-91-431-3-MU)

Submitted: April 23, 1996

Decided: May 29, 1996

Before HALL, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jeffrey L. Bishop, JEFFREY L. BISHOP, P.A., Charlotte, North Carolina, for Appellant. Randel E. Phillips, Karin M. McGinnis, MOORE & VAN ALLEN, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Dennis T. Jenkins appeals the district court's order granting summary judgment in favor of Bell South in this action under the Age Discrimination in Employment Act. 29 U.S.C.A. § 621 (West 1985 & Supp. 1995). On appeal, Jenkins presses only one issue. Jenkins contends that the district court erred in dismissing his claim of retaliatory demotion after he consulted Bell South's EEO officer regarding his unsatisfactory rating in 1990. Because we find, as the district court found, that Bell South articulated a legitimate nondiscriminatory reason for Jenkins's demotion which Jenkins failed to prove was untrue or pretextual, we affirm.

We review the grant of a motion for summary judgment in an age discrimination case de novo. Henson v. Liggett Group, 61 F.3d 270, 274 (4th Cir. 1995). To sustain a claim for retaliation, the employee must establish: (1) the employee engaged in a protected activity; (2) the employer took adverse employment action against the employee; and (3) a causal connection existed between the protected activity and the adverse action. Ross v. Communications Satellite Corp., 759 F.2d 355, 365 (4th Cir. 1985). Assuming the existence of a prima facia case, Bell South bore the burden of articulating a legitimate, nondiscriminatory reason for the demotion. Id. at 365. Bell South met this burden by presenting overwhelming evidence of a consistent deterioration in Jenkins's performance. Despite his supervisor's efforts, Jenkins proved unwilling or unable to submit paperwork on time, to adhere to company policy regarding loss and revenue reporting, or to change his sales team's poor performance. Jenkins was warned and eventually received a suspension. Notwithstanding Jenkins's years of service to Bell South, his overall poor employment record before his demotion easily constituted a legitimate nondiscriminatory reason for the adverse employment decision. The district court did not err in reaching this conclusion.

Nor did the court err in determining that Jenkins failed to meet his renewed burden of proving by a preponderance of the evidence that Bell South's articulated reasons were untrue or pretextual. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-55 (1981);

2

McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973). Jenkins failed to respond to Bell South's motion for summary judgment, choosing instead to rest on the record as it stood. In his brief on appeal, Jenkins asserts as evidence of pretext a claim that following his unsatisfactory rating, he performed well in the new year. Jenkins also describes himself as "tenacious" in attempting to have his 1990 rating changed. Further, no other major events occurred between his year-end evaluation meeting and his demotion. On the basis of these contentions, Jenkins urges this court to conclude there was sufficient evidence to survive Bell South's motion for summary judgment. This we decline to do. In his brief before this court, Jenkins points to no real evidence that the litany of reasons suggested by Bell South for his demotion was pretextual or that his complaints to the EEO officer even suggested age discrimination. The district court did not err in granting summary judgment.

In his reply brief, Jenkins observes that "BellSouth [sic] has so exhaustively cataloged Jenkins' [sic] alleged deficiencies as an employee that one wonders how he managed to remain employed." Notwithstanding counsel's sarcasm, we refuse to conclude on this record that Bell South's indulgence of an experienced worker's recent failures in the hope that he would return to his previous acceptable performance is evidence of a retaliatory demotion. The "straightforward" question is whether the plaintiff has successfully demonstrated that he was the victim of retaliation on the part of the employer. See Henson, 61 F.3d at 275. In this case, the district court did not err in concluding that Jenkins failed to "show a genuine factual dispute over the employer's legitimate nondiscriminatory explanation," Mitchell v. Data Gen. Corp., 12 F.3d 1310, 1317 (4th Cir. 1993).

We affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

3