**TWIN CITY CONSTRUCTION CO. OF FARGO and United States Fidelity and Guaranty Company, Appellees,**

v.

**TURTLE MOUNTAIN BAND OF CHIPPEWA INDIANS Through its Chairman, Richard LaFROMBOISE; The Tribal Council of the Turtle Mountain Band of Chippewa Indians, Through its chairman, Richard LaFromboise; the Turtle Mountain Tribal Court, Beverly May in her official capacity of Judge of the Turtle Mountain Tribal Court; and**

**Ernest V. Parisien, d/b/a Parisien Excavation, Appellant.**

No. 87–5413.

United States Court of Appeals, Eighth Circuit.

Dec. 8, 1988.

Decided Jan. 11, 1989.

---

**1.** The Honorable Patrick A. Conmy, Chief Judge, United States District Court for the District of

Melody L. McCoy, Boulder, Colo., and Thomas K. Schoppert, Minot, N.D., for appellant.

Maureen Holmon, Fargo, N.D., for appellees.

Before LAY, Chief Judge, HEANEY, McMILLIAN, ARNOLD, JOHN R. GIBSON, FAGG, BOWMAN, WOLLMAN, MAGILL and BEAM, Circuit Judges, en banc.

McMILLIAN, Circuit Judge.

Twin City Construction Co. (Twin City) entered into a contract with the Bureau of Indian Affairs to construct a school on the Turtle Mountain Reservation in North Dakota. Twin City was a non-Indian contractor. Under a subcontract, Twin City hired Ernest V. Parisien, d/b/a Parisien Excavation, to perform water, storm and sanitary sewer work. Parisien belonged to the Turtle Mountain Band of Chippewa Indians.

In 1982 Twin City became dissatisfied with Parisien's progress. It requested timely performance. Parisien responded that, because of the harsh winter, he could not continue work until the spring, whereupon Twin City "took over" the subcontract.

Parisien brought suit in tribal court for the payment for work already performed against Twin City and its surety, United States Fidelity & Guaranty Co. The Turtle Mountain Tribal Court dismissed the case for want of jurisdiction. The Turtle Mountain Court of Appeals reversed. Twin City then sought declaratory and injunctive relief in federal district court against further proceedings in the Turtle Mountain Tribal Courts. The district court[1] granted the injunction, holding that the Turtle Mountain Tribal Courts did not have subject matter jurisdiction. *Twin City Construc-*

North Dakota.

*tion Co. v. Turtle Mountain Band of Chippewa Indians,* Civil No. A2–86–124 (D.N.D. Aug. 24, 1987). Parisien appealed.

A divided panel reversed the judgment of the district court. Appellees' petition for rehearing en banc was granted, vacating the panel opinion. The case was heard by the court en banc on December 8, 1988.

The judgment of the district court is affirmed by the vote of an equally divided court. Judges McMillian, Bowman, Wollman, Magill, and Beam voted to affirm the judgment of the district court; Chief Judge Lay and Judges Heaney, Arnold, John R. Gibson, and Fagg voted to reverse.

LAY, Chief Judge, with whom HEANEY, ARNOLD, JOHN R. GIBSON AND FAGG, Circuit Judges, join, dissenting specially.

I respectfully submit that the affirmance of the district court which divests the Turtle Mountain Tribal Court of jurisdiction is in error. In *Iowa Mut. Ins. Co. v. La-Plante,* 480 U.S. 9, 107 S.Ct. 971, 94 L.Ed. 2d 10 (1987), the Supreme Court of the United States stated:

> Tribal authority over the activities of non-Indians on reservation lands is an important part of tribal sovereignty. * * * Civil jurisdiction over such activities presumptively lies in the tribal courts unless affirmatively limited by a specific treaty provision or federal statute. "Because the Tribe retains all inherent attributes of sovereignty that have not been divested by the Federal Government, the proper inference from silence ... is that the sovereign power ... remains intact." * * * In the absence of any indication that Congress intended the diversity statute to limit the jurisdiction of the tribal courts, we decline petitioner's invitation to hold that tribal sovereignty can be impaired in this fashion.

*Id.* at 18, 107 S.Ct. at 978 (citations omitted). The result reached by the five-to-five affirmance disregards the instruction of the Supreme Court of the United States.