911 F.2d 137
 17 Fed.R.Serv.3d 706
 TWIN CITY CONSTRUCTION CO. OF FARGO, and United States
Fidelity and Guaranty Company, Appellees,
v.
TURTLE MOUNTAIN BAND OF CHIPPEWA INDIANS through its
Chairman, Richard LaFROMBOISE; The Tribal Council of the
Turtle Mountain Band of Chippewa Indians, through its
Chairman, Richard LaFromboise; The Turtle Mountain Tribal
Court, Beverly May in her official capacity as Judge of the
Turtle Mountain Tribal Court;
Ernest V. Parisien, and Ernest V. Parisien, d/b/a Parisien
Excavation, Appellant.
 No. 89-5439.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 12, 1990.
Decided Aug. 13, 1990.
 
 Melody L. McCoy, Boulder, Colo., for appellant.
 Maureen Holman, Fargo, N.D., for appellees.
 Before MAGILL and BEAM, Circuit Judges and LARSON,* Senior United States District Judge.
 BEAM, Circuit Judge.
 
 
 1
 This much-litigated but never-tried case comes to us on appeal from the district court's denial of Ernest V. Parisien's motion under Fed.R.Civ.P. 59(e) to alter or amend the district court's judgment. By so ruling, the district court refused to entirely dissolve an injunction which prohibits Parisien from proceeding with a case--pending in tribal court--he initiated several years ago against Twin City Construction Company. Because we conclude that the district court abused its discretion in refusing to grant the Rule 59(e) motion, we reverse and remand.
 
 
 2
 In 1984, Parisien, an enrolled member of the Turtle Mountain Band of Chippewa Indians in North Dakota, filed a civil action against Twin City in tribal court. The action arose out of a dispute between Parisien, acting as a subcontractor, and Twin City, the general contractor on a contract with the Bureau of Indian Affairs to build a school on the Turtle Mountain Reservation. Sometime in 1982, Twin City became unhappy with Parisien's progress under the subcontract, while Parisien thought that Twin City's payments to him were untimely. In November of 1982, Parisien notified Twin City that he was suspending his work on the contract until spring due to extreme cold. Twin City responded by contracting with another party to perform Parisien's work. Parisien's tribal court action sought payment for work already performed and other damages.
 
 
 3
 Initially, the Turtle Mountain Tribal Court held that it lacked jurisdiction over Twin City. The Turtle Mountain Tribal Code in effect at the time provided that the
 
 
 4
 Tribal Court shall have civil jurisdiction over non-Indians in any particular case where they submit themselves to the jurisdiction of the Court by instituting an action against an Indian and filing cash bond in the amount of the damages asked, or by submitting himself [sic] to the Court's jurisdiction.
 
 
 5
 Turtle Mountain Trib.Code tit. 2, Sec. 2.0102(1) (1976). The tribal court found that Twin City had not submitted itself to tribal jurisdiction. The tribal appellate court, however, found that there was jurisdiction, and remanded the matter to the tribal court for disposition on the merits.
 
 
 6
 Twin City then filed a civil action in federal district court, seeking declaratory and injunctive relief prohibiting Parisien from proceeding in tribal court. The district court entered judgment in favor of Twin City, finding that Twin City did not submit itself to tribal jurisdiction within the meaning of the tribal code. On August 25, 1987, the district court entered a permanent injunction prohibiting Parisien from proceeding in the case filed in tribal court.
 
 
 7
 On appeal, a divided panel of this circuit reversed, holding that the tribal code conveyed jurisdiction over Twin City. We granted rehearing en banc, however, and an evenly divided court affirmed the judgment of the district court, thus leaving in effect the permanent injunction. Twin City Constr. Co. v. Turtle Mountain Band of Chippewa Indians, 866 F.2d 971 (8th Cir.) (en banc), cert. denied, --- U.S. ----, 109 S.Ct. 2110, 104 L.Ed.2d 670 (1989).
 
 
 8
 Meanwhile, in September of 1987, the Turtle Mountain Tribal Code was amended to provide for tribal jurisdiction over:
 
 
 9
 (a) Business transactions conducted within the territorial jurisdiction of the Tribal Court as defined in Section 2.0102(3) of this Code; and
 
 
 10
 (b) Contracts to be performed within the Court's territorial jurisdiction, including contracts to insure any person, property or risk, located within the Court's territorial jurisdiction.
 
 
 11
 Turtle Mountain Trib.Code tit. 2, Sec. 2.0102(1) (1987). Based on this amendment, which provided that it "shall apply to all pending cases," id., Parisien filed a Rule 60(b)(5) motion for relief from the judgment. The district court found that "[i]t would seem that based upon these amendments, the Tribal Court could now have jurisdiction over a claim against Plaintiffs." Twin City Constr. Co. v. Turtle Mountain Band of Chippewa Indians, Civ. No. A2-86-124, slip op. at 2 (D.N.D. June 6, 1989). Even though it found that "the basis for the permanent injunction no longer exists," id., the district court did not entirely dissolve the injunction, but lifted it only "as to the future filings between the parties." Id. Thus, the injunction was lifted only to the extent "that it does not prohibit the commencement of a new action." Id. Parisien then filed the Rule 59(e) motion to alter or amend the judgment that is the subject of this appeal. The district court summarily denied the motion by order of July 25, 1989.
 
 
 12
 We review the district court's ruling on a Rule 59(e) motion to alter or amend the judgment for abuse of discretion. Roudybush v. Zabel, 813 F.2d 173, 178 (8th Cir.1987); Harris v. Arkansas Dep't of Human Servs., 771 F.2d 414, 416-17 (8th Cir.1985). The district court's order lifting the permanent injunction only as to future filings gives no reason for not allowing Parisien to proceed with the action pending in tribal court. Nor does the court explain its denial of Parisien's Rule 59(e) motion. In a different context, the Supreme Court has held that the district court's refusal to explain itself in denying leave to amend under Rule 15(a) is suggestive of abuse of discretion. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) ("[T]he grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion."). See also Sanders v. Clemco Indus., 823 F.2d 214, 216-17 (8th Cir.1987) (finding abuse of discretion in refusing leave to amend where no reasons given). But cf. Thompson-El v. Jones, 876 F.2d 66, 67 n. 3 (8th Cir.1989) (district court's failure to articulate reasons for denial of motion to amend not good practice, but not per se abuse of discretion).
 
 
 13
 Although the district court may have reached the proper conclusion, it is hard to tell without an explanation for the action taken. On the record, it is difficult to discern a reason why the permanent injunction should not be entirely dissolved. In its memorandum and order granting the permanent injunction, the district court found that its ruling could be different "[s]hould the Tribal Code be amended to provide a jurisdictional base over non-Indians arising from contract performance or commercial transactions within the exterior boundaries of the reservation." Twin City Constr. Co. v. Turtle Mountain Band of Chippewa Indians, Civ. No. A2-86-124, slip op. at 4 (D.N.D. Aug. 24, 1987). Thus, the district court found that its injunction was based on "a finding that the Tribal Court lacked jurisdiction over the claim." Twin City Constr. Co. v. Turtle Mountain Band of Chippewa Indians, Civ. No. A2-86-124, slip op. at 1 (D.N.D. June 6, 1989). And, after the amendments to the tribal code, the district court found that, based upon the amendments, "the basis for the permanent injunction no longer exists." Id. at 2. Given that the amendment provides that it applies to all pending cases, and that the basis for the injunction no longer exists, we conclude that the district court should have entirely dissolved the permanent injunction.
 
 
 14
 Accordingly, the judgment of the district court is reversed and remanded with instructions for the district court to entirely dissolve the permanent injunction entered August 25, 1987, thereby allowing Parisien to proceed with his action now pending in tribal court. In directing that the action should proceed, we are not determining that the tribal court does have jurisdiction. We are simply directing that all issues of jurisdiction resulting from the pending action should now be considered under the amended tribal code in the appropriate forum or forums.
 
 
 
 *
 The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation