19 F.3d 1437
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
John L. PARGO, Appellant,
v.
FIRST REALTY PROPERTY MANAGEMENT, LTD.; Alan McFee, Appellees.
 No. 93-1500.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 5, 1994.
Filed: March 16, 1994.
 
 Appeal from the United States District Court for the Southern District of Iowa.
 S.D.Iowa.
 AFFIRMED.
 Before MAGILL, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 John L. Pargo, an Iowa inmate, appeals the district court's[1] judgment in favor of First Realty Property Management following a bench trial of his suit predicated on 42 U.S.C. Sec. 3604(a) and/or (b) and Sec. 3612(a) of the Fair Housing Act. The district court found that Pargo voluntarily terminated his apartment tenancy and that he failed to prove First Realty and Pargo's former roommate, Anne Packer, falsified rental records. The district court also held that Pargo did not present evidence establishing race-based discrimination. Pargo timely moved for a new trial or to amend the judgment under Federal Rule of Civil Procedure 59. The district court ruled that the "additional evidence" Pargo submitted with the motion did not establish racial discrimination.
 
 
 2
 Pargo appealed, pro se, the denial of his Rule 59 motion, which we construe also as an appeal from the final judgment. See Sanders v. Clemco Indus., 862 F.2d 161, 164 n. 3 (8th Cir. 1988). Ordinarily, the appellant has the responsibility to provide this court with a transcript of the trial proceedings. See Fed. R. App. P. 10(b). This court denied Pargo's request to provide a copy of the trial transcript at government expense. Since that time, Pargo has not provided this court with a copy of the trial transcript at his own expense; therefore, any meaningful review of the trial court's factual findings is precluded. See Schmid v. United Bhd. of Carpenters & Joiners, 827 F.2d 384, 386 (8th Cir. 1987) (per curiam), cert. denied, 484 U.S. 1071 (1988). Pargo's claim of ineffective assistance of counsel in a civil case lacks merit. See Cole v. Nebraska State Bd. of Parole, 997 F.2d 442, 444 (8th Cir. 1993).
 
 
 3
 The district court did not abuse its discretion in denying the Rule 59 motion to alter or amend the judgment. See Twin City Constr. Co. of Fargo v. Turtle Mountain Band of Chippewa Indians, 911 F.2d 137, 139 (8th Cir. 1990). We agree with the district court that Pargo did not provide evidence refuting that he signed a notice to vacate form or establishing that First Realty acted in a racially discriminatory manner. See United States v. City of Black Jack, Missouri, 508 F.2d 1179, 1184-85 (8th Cir. 1974), cert. denied, 422 U.S. 1042 (1975).
 
 
 4
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa