# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3104

_____

Tony J. Brown,                            *

                                    *

           Appellant,             *

                                    * Appeal from the United States

    v.                            * District Court for the

                                    * Western District of Arkansas.

Trane Company,                *

                                    * [UNPUBLISHED]

           Appellee.              *

_____

Submitted: July 28, 2004
Filed: August 3, 2004

_____

Before MELLOY, LAY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Following a jury trial, Tony Brown appeals the district court's[1] adverse grant of a directed verdict on certain claims in his employment-discrimination action. We cannot review these rulings, however, because Brown did not provide a trial transcript. See Fed. R. App. P. 10(b); Pargo v. First Realty Prop. Mgmt., No. 93-1500, 1994 WL 83267, at *1 (8th Cir. Mar. 16, 1994) (unpublished per curiam) (any meaningful review of trial court's factual findings was precluded where appellant failed to provide transcript after appeals court denied request for transcript at

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

government expense), <u>cert. denied</u>, 513 U.S. 847 (1994).  Further, while Brown challenges the district court's refusal to submit a requested jury instruction on disability, and the court's refusal to admit into evidence an administrative determination, his brief contains no argument as to why either ruling was an abuse of discretion.  <u>See</u> <u>Otting v. J.C. Penney Co.</u>, 223 F.3d 704, 712-13 (8th Cir. 2000) (refusal to submit jury instruction is reviewed for abuse of discretion; instruction defining disability must fairly and adequately submit issue of disability to jury); <u>Doss v. Frontenac</u>, 14 F.3d 1313, 1318 (8th Cir. 1994) (in employment-discrimination case, decision whether to admit or exclude administrative findings is properly left to sound discretion of trial court).  Accordingly, we affirm.

_____