# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2793
_____

Ena J. Wages

*Plaintiff - Appellee*

v.

Stuart Management Corporation, doing business as StuartCo

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: May 13, 2015
Filed: August 10, 2015

_____

Before RILEY, Chief Judge, MURPHY and MELLOY, Circuit Judges.

_____

MELLOY, Circuit Judge.

Ena Wages sued her employer, Stuart Management Corporation (StuartCo), alleging that StuartCo violated her rights under the Family and Medical Leave Act, 29 U.S.C. §§ 2601–2654. On the parties' cross motions for summary judgment, the district court granted summary judgment in favor of Wages on her FMLA claims. For the reasons below, we affirm the judgment on liability but vacate and remand the judgment on damages.

I

A. Facts

StuartCo is a property management firm that runs approximately thirty apartment complexes. Wages began working for StuartCo as a full-time caretaker at one of its properties, Woodridge Apartment Homes, on November 17, 2008. Generally, a caretaker is responsible for vacuuming, cleaning, mopping, washing windows, and dusting. Caretakers are also responsible for snow removal. Wages worked thirty hours per week at the complex. Her employee record was unblemished.

In the summer of 2009, Wages learned she was pregnant. The doctor considered her pregnancy to be high risk due to a previous, life-threatening, ectopic pregnancy. Sometime in June or July, Wages contacted StuartCo's human resources department to inquire about post-birth benefits and leave. No one returned her call, so Wages called human resources again a week later, stating that she wanted information about FMLA leave and other forms of leave. The human resources director, Deb Stachowski, did not recall receiving either call.

Wages began experiencing abdominal pain in October 2009, so her doctor directed her not to vacuum or mop and provided her a note for her employer. After receiving the doctor's note, StuartCo redistributed the vacuuming and mopping duties to other employees. In addition, Stachowski contacted the doctor to verify no other job duties were restricted.

On November 2, 2009, Wages's doctor wrote another note, stating Wages could carry out all of her job responsibilities except snow removal. Stachowski contacted the doctor regarding Wages's previous restrictions. One of the doctor's assistants informed Stachowski that Wages still could not mop or vacuum. Wages's doctor had told Wages directly that she could resume vacuuming and mopping.

Wages experienced increased abdominal pain in November and missed three days of work, November 9, 10, and 12, due to the pain. On November 12, her doctor limited her to working no more than 20 hours per week. On Friday, November 13, Wages worked 4.25 hours. She gave the November 12 doctor's note to her supervisor, Robin Fulton, on November 13. Fulton emailed it to Stachowski on the same day.

Fulton, Stachowski, and Dave Beddow, a StuartCo manager, met on November 13 to discuss Wages's employment. At some point during the conversation, they decided to terminate her employment. Fulton stated in a deposition that although Wages was "getting by" with the initial restrictions, her reduction in hours precluded Wages from completing "the essential functions of her job." Wages was not scheduled to work on Saturday, November 14, or Sunday, November 15. On Monday, November 16, after Wages arrived at work, Fulton and Stachowski called her into a meeting and fired her. StuartCo provided Wages a letter that stated StuartCo was "unable to accommodate the work restrictions provided by your physician."

After exhausting administrative remedies, Wages sued StuartCo on November 16, 2012, alleging violations of her rights under the FMLA, Title VII of the Civil Rights Act of 1964, the Minnesota Parenting Leave Act (MPLA), and the Minnesota Human Rights Act (MHRA). With respect to her FMLA claims, Wages alleged StuartCo not only interfered with her FMLA rights, but retaliated against her after she requested those rights. This appeal involves only Wages's FMLA claims.

-3-

B. Procedural History

In January 2014, Wages filed a motion for partial summary judgment on her FMLA entitlement claim. StuartCo also filed a motion for summary judgment, requesting dismissal of all claims. In May 2014, the district court granted summary judgment in favor of Wages on her entitlement claim. And, "[a]lthough Wages did not seek summary judgment on [her FMLA retaliation] claim," the court *sua sponte* granted summary judgment for Wages on that claim as well. However, the district court granted summary judgment in favor of StuartCo on Wages's Title VII, MPLA, and MHRA claims.

To succeed on her entitlement claim, Wages needed to demonstrate, *inter alia*, that she was an FMLA-eligible employee and that she provided adequate notice of her need for FMLA leave to her employer. Generally, an employee is eligible for FMLA benefits only if she works 12 months for an FMLA-covered employer. At summary judgment, StuartCo argued that it fired Wages one day before her 12-month anniversary with the company. The district court disagreed. Relying on a case from the Eleventh Circuit and an FMLA regulation, it held Wages satisfied the 12-month requirement by using non-FMLA leave to "bridge the gap" or carry her to the eligibility date, November 16.

With respect to the second requirement of her entitlement claim—notice—the district court found that "Wages plainly met this requirement" because she "gave the doctor's note to [StuartCo] on November 13, within one day of receiving [it]." And the notice was "sufficient to make [StuartCo] aware" that Wages needed FMLA leave. Because no genuine issue of material fact existed and because Wages would succeed as a matter of law, the district court granted summary judgment in favor of Wages on her entitlement claim.

To succeed on her FMLA retaliation claim, Wages had to demonstrate that she exercised rights afforded by the FMLA, that she suffered an adverse employment action, and that the adverse employment action had a causal connection to the protected FMLA activity. Because termination is unequivocally an adverse employment action and because the district court previously held Wages was FMLA eligible, the court noted the only fighting issue was whether Wages's termination was causally connected to her requested FMLA leave. The record demonstrated, according to the district court, that Wages was terminated *because* she requested a reduced schedule that was protected under the FMLA. Therefore, the district court granted summary judgment in favor of Wages on her retaliation claim.

StuartCo filed a letter requesting permission to file a motion to reconsider. In support, StuartCo submitted an affidavit from Stachowski and argued that the court erred by making certain factual determinations. The court refused to consider Stachowski's affidavit because she was available to StuartCo before the court issued its order. And "[t]he only reason the information was not in the record on summary judgment [was] because [StuartCo] chose not to present it to the Court." The district court denied StuartCo's request to file a motion to reconsider.

The parties then filed cross motions to alter or amend the judgment. StuartCo argued the district court erred by granting summary judgment on Wages's FMLA claims, and Wages asked the court to award damages for StuartCo's FMLA violations.

StuartCo's argument with respect to liability was twofold: first, Wages was not eligible for FMLA leave; second, a jury should have decided whether Wages gave adequate notice of her need for FMLA leave because it was a question of fact, not a question of law.

Regarding StuartCo's argument that Wages was not eligible for FMLA leave, StuartCo again supported its argument with an affidavit from Stachowski. The district court again refused to consider the affidavit because "[t]he affidavit is new evidence, but it is not newly discovered evidence." The district court upheld its initial ruling. Regarding StuartCo's argument that a jury should decide whether Wages gave adequate notice, the district court held that there were no issues of material fact and the notice was sufficient as a matter of law. The district court expressly noted no reasonable jury could have concluded that the doctor's note failed to provide adequate notice to StuartCo.

Next, the district court addressed Wages's request for damages. She asked the court for back pay, pre-judgment interest, a tax gross-up, liquidated damages, and post-judgment interest. The district court awarded Wages $49,769.09 in back pay; $30,876.10 in pre-judgment interest on the back pay; $80,645.19 in liquidated damages; and post-judgment interest at a rate of 11% computed daily, compounded annually from the date of judgment. The court refused to award Wages a tax gross-up because the court lacked statutory authority to do so under the FMLA.

Wages subsequently filed another motion to alter or amend the judgment. Wages noted that the correct post-judgment interest rate should be 0.11%—not 11%. The court agreed and reduced the interest rate to 0.11%.

StuartCo then filed a motion to vacate the amended damages judgment. The gravamen of StuartCo's argument was that the district court issued its order, which corrected the post-judgment interest rate, before StuartCo was able to submit a response brief, thereby denying StuartCo due process. The district court denied StuartCo's motion for several reasons: (1) the order actually favored StuartCo; (2) StuartCo planned to "forego post-judgment review of the damages award and would instead contest all damages issues on appeal"; (3) the order was limited to the post-

judgment interest rate; and (4) even if StuartCo had presented its arguments, the district court would have rejected them.

StuartCo appeals the district court's grant of summary judgment in favor of Wages on her FMLA claims. In addition, StuartCo appeals the district court's award of damages to Wages.

II

We review a grant of summary judgment de novo, construing the record in the light most favorable to the nonmoving party. Rickard v. Swedish Match N. Am., Inc., 773 F.3d 181, 184 (8th Cir. 2014). Even if not discussed by the district court, we may affirm on any ground supported by the record. Interstate Bakeries Corp. v. OneBeacon Ins. Co., 686 F.3d 539, 542 (8th Cir. 2012).

A. FMLA Entitlement Claim

To prevail on her FMLA entitlement claim, Wages had to show that she was an eligible employee and that she gave adequate notice to her employer of her need for FMLA leave. StuartCo argues that Wages was not an eligible employee because she did not work for a full 12 months. It also disputes that Wages gave adequate notice.

An "eligible employee" is "an employee who has been employed—(i) for at least 12 months by the employer with respect to whom leave is requested under section 2612 of this title; and (ii) for at least 1,250 hours of service with such employer during the previous 12-month period." 29 U.S.C. § 2611(2)(A). The parties do not dispute Wages worked 1,250 hours for StuartCo.

The issue is whether Wages had been employed by StuartCo for at least 12 months. Uncontroverted evidence demonstrates that Wages was employed by StuartCo for 12 months. Wages began her employment on November 17, 2008. As a result, she needed to work until November 16, 2009, to satisfy the 12-month requirement. In a letter informing Wages of StuartCo's decision to terminate her employment, StuartCo stated "[Wages's] employment with StuartCo has been terminated. *Our records will reflect today as* [*Wages's*] *last day worked*." (emphasis added). The letter was dated Monday, November 16, 2009. Wages's timecard for November 16 also shows that she worked on November 16. November 17 would have been the first day of Wages's second year with StuartCo. Because she satisfied the 12-month requirement, Wages was an eligible employee as defined by the FMLA.[1]

Next, Wages needed to provide adequate notice to StuartCo. The notice must be "sufficient to make the employer aware that the employee needs FMLA-qualifying leave, and [the employee must inform the employer of] the anticipated timing and duration of the leave." 29 C.F.R. § 825.302(c). FMLA regulations require an employee to provide notice 30 days before future leave if "practicable." Id. § 825.302(a). An employee is required to inform her employer "as soon as practicable" if there is a change in circumstances or a medical emergency. Id. Section 825.302(b) defines the term "[a]s soon as practicable" to mean "as soon as both possible and practical, taking into account all of the facts and circumstances in the individual case." When requesting FMLA leave:

---

[1] We note that we need not decide whether non-FMLA leave can be used to "bridge the gap" between an employee's termination date (or the date her non-FMLA leave commences) and her 12-month eligibility date, as the district court held. Rather, we find Wages was employed by StuartCo for the requisite 12 months. "We may affirm the judgment of the district court on any basis disclosed in the record, whether or not the district court agreed with or even addressed that ground." Interstate Bakeries, 686 F.3d at 542 (quotation omitted).

-8-

[if] an employee seeks leave for the first time for a FMLA-qualifying reason, the employee need not expressly assert rights under the FMLA or even mention the FMLA. When an employee seeks leave due to a FMLA-qualifying reason, for which the employer has previously provided FMLA-protected leave, the employee must specifically reference the qualifying reason for leave or the need for FMLA leave.

Id. § 825.302(c).

StaurtCo argues that Wages failed to inform StuartCo of her need for leave. It asserts the doctor's note was insufficient and Wages never said or did anything beyond submitting the doctor's note. We disagree. The doctor's note referenced the reason (her pregnancy) and the need for leave. See Phillips v. Mathews, 547 F.3d 905, 909 (8th Cir. 2008) (noting an employee does not need to invoke the FMLA by name to put the employer on notice of her need for FMLA leave). The doctor's note also listed the restriction: no more than 20 hours of work per week. Further, our review of the record demonstrates Wages acted as soon as possible and practical. Wages submitted the doctor's note to StuartCo on November 13, one day after receiving the note.

Because Wages was an eligible employee and because she provided adequate notice to StuartCo, we affirm the district court's grant of summary judgment in favor of Wages on her FMLA entitlement claim.

B. Retaliation Claim

The parties agree that, to prevail on her retaliation claim, Wages had to show "that she exercised rights afforded by the [FMLA], that she suffered an adverse employment action, and that there was a causal connection between her exercise of rights and the adverse employment action." See Smith v. Allen Health Sys., Inc., 302 F.3d 827, 832 (8th Cir. 2002). Having already decided Wages is an eligible

employee, we, like the district court, find that she exercised rights provided by the FMLA. We also agree with the district court that her termination unequivocally qualifies as an adverse employment action.

The parties dispute whether there was a causal connection between Wages's termination of employment and her request for a reduced working schedule—what we have determined was qualifying FMLA leave. StuartCo argues that the totality of work restrictions that Wages's doctor implemented resulted in StuartCo's termination of Wages's employment, not her attempt to exercise FMLA rights.

Wages provided StuartCo with the doctor's note on Friday, November 13, which restricted her work week to no more than 20 hours. The letter indicated the leave was pregnancy related, and therefore protected by the FMLA. On the same day, Beddow, Fulton, and Stachowski decided to terminate Wages's employment. Fulton stated in her deposition that although Wages was "getting by" with the initial restrictions (no snow removal, mopping, or vacuuming), her reduction in hours indicated Wages would not be able to complete "the essential functions of her job." As a result, StuartCo provided Wages with a termination letter that stated, "We are unable to accommodate the work restrictions provided by your physician." StuartCo has pointed to no evidence to demonstrate Wages would have been fired based on her initial restrictions alone. Rather, StuartCo's decision to fire Wages was directly connected to her request for a reduction in hours, which is protected under the FMLA. It was at all times undisputed that Wages's restrictions were pregnancy related and not permanent. There has been no suggestion that she could not continue mopping, vacuuming, or shoveling at a later date. The FMLA is designed specifically for situations like this, where a low-wage employee, such as Wages, needs temporary protection:

> Without job-secured family and medical leave and its promise of a
> steady paycheck upon return from leave, low-wage workers in the midst

of family or medical emergency risk debt, welfare, and even homelessness. While the need for family leave applies to workers across the economic spectrum, that need is greatest for the low wage earner.

H.R. Rep. No. 103-8(I), at *29 (1993). StuartCo's actions here highlight the need for the FMLA.

Because no reasonable jury could find the required causal connection lacking, we affirm the district court's grant of summary judgment in favor of Wages on her FMLA retaliation claim.

III

A district court's decision to alter or amend the judgment is reviewed for an abuse of discretion. Twin City Constr. Co. of Fargo v. Turtle Mountain Band of Chippewa Indians, 911 F.2d 137, 139 (8th Cir. 1990).

Wages argues that the district court did not err by awarding damages because the court properly acted as a neutral fact-finder in weighing the evidence submitted by both parties. StuartCo argues that the district court erred in granting Wages's motion to amend the judgment when it awarded Wages damages for back pay, prejudgment interest, and liquidated damages without a trial on the merits. We agree with StuartCo. StuartCo had a right for a jury to determine damages. See Frizzell v. Sw. Motor Freight, 154 F.3d 641, 643 (6th Cir. 1998); see also Bryant v. Delbar Prods., Inc., 18 F. Supp. 2d 799, 810 (M.D. Tenn. 1998) (holding that the FMLA provides a right to a jury trial to determine back pay and liquidated damages); Helmly v. Stone Container Corp., 957 F. Supp. 1274, 1276 (S.D. Ga. 1997) (finding the FMLA provides a right to a jury trial on liability and damages).

StuartCo repeatedly requested a jury to determine Wages's damages in its motions to the district court:

StuartCo respectfully asks this Court to deny in part and to grant in part plaintiff's motion and to award a nominal amount as back pay with a corresponding amount for prejudgment interest and to deny plaintiff's request for liquidated damages. In the alternative, defendant respectfully asks the Court to deny plaintiff's motion in its entirety and to set the matter [] for a jury trial on damages.

In its motion in opposition to Wages's motion to alter the judgment, StuartCo again asked the district court "to deny in part and to grant in part plaintiff's motion . . . . In the alternative, [StuartCo] respectfully asks the Court to deny plaintiff's motion in its entirety and to set the matter [] for a jury trial on damages." At appellate oral argument, counsel for StuartCo emphasized that "this is a highly unusual FMLA employment case in which the trial court not only entered summary judgment in favor of the plaintiff on liability matters, but then proceeded to resolve disputed fact issues regarding damages without a jury, without an evidentiary hearing, and even without oral argument." StuartCo also noted at oral argument that it requested "a jury trial on all issues so triable, that includes damages." There are factual disputes that should have prevented the district court from determining damages. For example, a jury should have determine whether Wages mitigated damages (and to what extent) and whether StuartCo acted in bad faith. We hold StuartCo is entitled to have a jury determine the factual disputes related to damages.

The district court abused its discretion by not permitting a jury to determine damages. We vacate the damages judgment.

IV

We affirm the district court's grant of summary judgment in favor of Wages on her FMLA entitlement claim and her FMLA retaliation claim. However, we reverse the judgment as to damages and remand the case for a jury trial on damages.

_____

-12-